IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00198-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. JARED ORLAND
3. DUSTIN ULLERICH
5. PETER BARON

    Defendant.
_____

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTIONS FOR ADDITIONAL DISCOVERY [ECF 236, 237, 238, 239, 241, 242, 243, 244, 245, and 246]**
_____

    The United States of America, by and through Brian Dunn, Assistant United States Attorney, hereby responds to Defendants Ullerich's, Baron's and Orland's ten filings referred to in this heading as Motions for Additional Discovery [ECF 236, 237, 238, 239, 241, 242, 243, 244, 245, and 246] (collectively, hereinafter, "Motions for Discovery"). In their Motions for Discovery, Defendants Ullerich, Baron and Orland request additional discovery for three separate topics that the Government has categorized for efficiency. These three categories are delineated in (1) Defendant Baron's Motion to Compel Discovery-Law Enforcement Files on the Hells Angels Motorcycle Club [ECF 236]; (2) Defendant Ullerich's Motion for Discovery of Evidence Supporting Paragraphs 7B, C and D of the Superseding Indictment [ECF 237]; and (3) Defendant Orland's Motion for Order Directing Government to Produce Additional Discovery [ECF 241]. The remaining filings

consist of these defendants joining each other's Motions for the three categories discussed below. [ECF 238, 239, 242, 243, 244, 245, and 246]. The Government responds to the defendants' Motions for Discovery as follows.

### Response to Motions for Discovery

In their Motions for Discovery, Defendants Orland, Baron and Ullerich request: (1) law enforcement "files"; (2) discovery supporting paragraph 7B-D of the Superseding Indictment; and (3) "various additional discovery." The Government is not claiming privilege in its response to these requests. After conferring with the defense, reviewing discovery, and consulting with the lead investigators, the Government responds as follows.[1]

**A.    Applicable Law**

Federal Rule of Criminal Procedure 16(a) provides for discovery of evidence from the Government to defendants. Authorized discovery includes oral and written statements of the defendant (subsection (a)(1)(A) and (B)); the defendant's prior criminal record (subsection (a)(1)(D)); documents and tangible objects which are material to the preparation of the defense or intended for use by the Government as evidence utilized in its case-in-chief in trial, or were obtained from or belong to the defendant (subsection (a)(1)(E)); the results or reports of physical or mental examinations and of scientific tests or experiments which are material to the preparation of the defense or are intended for use by the Government as evidence in its case-in-chief at trial (subsection (a)(1)(F)); and

---

[1] As explained below, to the extent that the Government discovers any further statements not already discovered that are material to this case, or if statements are made in the future that are material to this case, the Government will continue to fulfill its obligations under *Brady, Giglio,* Rule 16, and the Jencks Act.

2

a written summary of the testimony of expert witnesses that the Government intends to use during its case-in-chief at trial (subsection (a)(1)(G)).[2]

Discovery under the Federal "Rules of Criminal Procedure is not intended to be as broad as in a civil case." *Clay v. United States*, 397 F.2d 901, 915 (5th Cir. 1968), *vacated on other grounds sub nom.*, *Giordano v. United States*, 394 U.S. 310 (1969). Accordingly, to the extent that the request is under subsection (a)(1)(F), Rule 16 requires the item to be disclosed in discovery to be "material" in preparing the defense. "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Bowen v. Maryland*, 799 F.2d 593, 603 (10th Cir. 1986).

### B. Category 1 - Law Enforcement Files [ECF 236.]

**a**. "Complete file(s) for the Denver, Rocky Mountain, Longmont, Nomads, West Coast, Minneapolis chapters of the Hells Angels Motorcycle Club" [*Id.* at p.4.]

**Answer**: This request is ambiguous as to the definition of "files." To the extent that a broad request for "files" includes materials gathered by the ATF for the prosecution of this case, those materials have been discovered. After speaking with ATF agents and task force officers, the Government believes that neither the United States Attorneys' Office nor the ATF is aware of any additional "files" in its possession, custody or control responsive to this vague request. The Government is aware of its ongoing discovery obligations under Rule 16 and will continue to inquire of investigating law enforcement agencies if any documents material to this case and responsive to this request exist.

---

[2] Fed. R. Crim. P. 16(a)(1)(C) relates to organization defendants and has no applicability in this case.

**b**. "Information, emails, recordings, briefings with other agencies regarding the allegations within the Superseding Indictment,
   Including but not limited to communication between Agent Pearson, Denver Police Officers and Lakewood Sergeant Tomasetti" [*Id.*]

**Answer**: This request is overbroad and, frankly, impossible to respond to. Furthermore, the Government is not in possession of documents reflecting this specific communication. To the extent that the Government discovers any further statements or recordings not already discovered that are material to this case, or if statements are made in the future that are material to this case, the Government will continue to fulfill its obligations under *Brady, Giglio,* Rule 16, and the Jencks Act.

**c**. "Individual files for each of the following members:

i. J.O. (Named victim)
ii. Clinton Williams
iii. Jared Orland
iv. Dustin Ullerich
v. Jerome Guardiola
vi. Peter Baron
vii. Adam Mulcahy
viii. Derek Beste
ix. Jason Sellers
x. Michael Dire
xi. William "Kelly" Henderson
xii. William "Curly" Whitney
xiii. Justin Wright
xiv. Dominic Robichaud
xv. Jimmy Salazar
xvi. Any witness the prosecution intends to call that claims association with Hells Angels Motorcycle Club" [*Id.* at p. 4-5.]

**Answer:** Again, this request is ambiguous as to the definition of "files." To the extent that a broad request for "files" includes materials gathered by the ATF for the prosecution of this case, those materials have been discovered. After speaking with ATF

4

agents and task force officers, the Government believes that neither the United States Attorneys' Office nor the ATF is aware of any additional "files" in its possession, custody or control responsive to this vague request.  The Government is aware of its ongoing discovery obligations under Rule 16 and will continue to inquire of investigating law enforcement agencies if documents material to this case and responsive to this request exist.

### C. Category 2 - discovery supporting Paragraph 7B-D of the Superseding Indictment [ECF 237.][3]

7. Documents supporting allegations concerning "illegal possession of firearms and distribution of drugs including methamphetamine." [*Id.* at p. 3.]

**Answer:** The Government has produced discovery pertaining to this allegation, and intends to produce adopted material statements by witnesses prior to trial pursuant to its obligations under the Jencks Act.  To the extent that the Government discovers any further material statements or documents responsive to this request, or if statements are made in the future material to this case, the Government will continue to fulfill its obligations under *Brady, Giglio,* Rule 16, and the Jencks Act.

11. Documents containing references to "meetings  where, among other things, criminal activity was discussed." [*Id.* at p. 4.]

**Answer:** The Government has produced discovery pertaining to this request, and intends to produce any adopted material statement by witnesses prior to trial pursuant to its obligations under the Jencks Act.  To the extent that the Government discovers any further statement or documents material to this case, or if statements are made in the

---

[3] The Government is only able to discern three general discovery requests in ECF 237, which are contained in Paragraphs 7, 11 and 12.  The Government responds to each such request, but reserves the right to respond to any request in ECF 237 that the Government was unable to locate after a thorough reading.

5

future material to this case, the Government will continue to fulfill its obligations under *Brady, Giglio,* Rule 16, and the Jencks Act.

12. "*Brady* Material" [*Id.* at p. 5.]

**Answer:** The Government is not aware of any *Brady* material in this case. The Government will continue to fulfill its obligations under *Brady*.

D.    Category 3 - "various additional discovery"  [ECF  241]

All recordings and/or reports generated as a part of the government's investigation in this case that have not yet been provided in discovery, *i.e.*,:

12.a.i.[4] Any recording of an August 9, 2019, interview/drive-around with compensated witness J.O. [*id.* at pp. 6-7];

**Answer:** The Government has produced discovery pertaining this contact with the victim and is not aware of any further recording responsive to this request. To the extent that the Government discovers any recordings regarding this contact, the Government will continue to fulfill its obligations under *Brady, Giglio,* Rule 16, and the Jencks Act.

ii. any recording(s), report(s), photograph(s) and/or note(s) relating to any investigation regarding any contact(s) or interview(s) with J.O.'s mother. To date only various screenshots from a telephone purportedly belonging to J.O.'s mother (which were apparently received by ATF Agent Pearson directly from J.O.'s mother) have been provided in discovery. No other information regarding J.O.'s mother or any other direct contacts with her has been provided in discovery received by the defense;

**Answer:** The Government has produced discovery in its possession pertaining to this individual's contact with Task Force Officer Pearson that are material to this case. The Government is not aware of any further discovery responsive to this request and material to this case.  To the extent that the Government discovers any further material

---

[4] Paragraph 12.a. contains requests a.i-a.vi.  Each request is individually addressed.

6

documents or recordings regarding this case, the Government will continue to fulfill its obligations under *Brady, Giglio,* Rule 16, and the Jencks Act.

> iii. Copies of any recording(s) of the interview on May 15, 2020, with two individuals by ATF Agent Pearson. The interview report provided in discovery indicates that a CD audio recording was made of the interview yet no CD audio recording appears to have been provided in discovery to date.

**Answer:** The Government has inquired and is not aware of a recording of this event involving Task Force Officer Doug Pearson. The Government will continue to inquire, and if the Government discovers any such recording, the Government will continue to fulfill its obligations under *Brady, Giglio,* Rule 16, and the Jencks Act.

> iv. Any interview(s), contact(s), and/or communication(s) with C.K., either prior to and/or after a formal interview with C.K. on August 1, 2019, Investigation has revealed that ATF Agent Pearson had multiple contacts with C.K. prior to August 1, 2019. Based on defense investigation those communications between Ms. K and ATF Agent Pearson continued for some time beyond the August 1, 2019 interview of Ms. K yet no additional information other than the August 1, 2019 interview of Ms. K has been provided;

**Answer:** The Government has the produced discovery in its possession pertaining to this interview on August 1, 2019. The Government is not aware of any further material written statement or recording regarding this person, and is not aware of the findings of the "defense investigation." To the extent that the Government discovers any further material statement or recording responsive to this request, the Government will continue to fulfill its obligations under *Brady, Giglio,* Rule 16, and the Jencks Act.

> v. Documentation and/or recordings of any contacts between ATF Agent Pearson or other law enforcement agents and compensated witnesses in this matter including, but not limited to contacts with J.O. and R.M. No reports and/or recordings of these apparently regular contacts have been provided to date other than a single report prepared by ATF Agent Pearson regarding a June 10,2022, contact by ATF Agent Pearson with R.M.

**Answer:** The Government has produced discovery pertaining these potential witnesses, and intends to produce any material adopted statement by the potential witnesses prior to trial pursuant to its obligations under the Jencks Act. The Government is not aware of any material recordings or reports not already discovered. To the extent that the Government discovers any further recordings or reports regarding this request, or if statements are made in the future that are material to this case, the Government will continue to fulfill its obligations under *Brady, Giglio,* Rule 16, and the Jencks Act.

    vi.    Copies of Report of Investigation (ROI) No. 83 and ROI No. 85.

**Answer**: The Government is aware of these ROIs, and will produce them at an appropriate time, if and when it is required to do so under the Jencks Act.

> **12.b.** All photographs collected by and/or taken by law enforcement agencies during the course of their investigation(s) into the alleged criminal activity of the alleged criminal organization and/or the alleged kidnapping of J.O. While numerous photographs have been provided in discovery, undersigned counsel is aware that certain photographs were collected by law enforcement during their investigation, *e.g.*, photographs from Red's Bail Bonds (one of the alleged crime scenes in this case), yet these photographs have not yet been provided in discovery. AUSA Brian Dunn has indicated that he will go through the photographic evidence in this case with ATF Agent Pearson and has provisionally agreed that he will provide any photographic evidence that has not yet been discovered.

**Answer:** The Government has produced discovery that includes photographs of the event. The Government has inquired and does not believe that there were photographs taken inside Red's Bail Bonds by investigators. The Government will continue to review discovery and communicate with defense counsel if there are further photographs found material to this case that were not previously produced to one or more of the defendants. To the extent that the Government discovers any further photographs

in response to this request, or if photographs are taken in the future that are material to this case, the Government will continue to fulfill its obligations under Rule 16.

> **12.c.** Medical records relating to injuries to J.O. To date, only truncated medical records relating to J.O. and the alleged injuries he sustained have been produced in the discovery. AUSA Dunn has provisionally indicated that he intends to provide to the defense any and all medical records, from wherever they exist, that the government has obtained and/or will obtain relating to J.O.

**Answer:** The Government has produced medical records as a result of injuries suffered in attacks against the victim. The Government is not aware of any further medical records in the possession, custody or control of the prosecution team. To the extent the Government discovers any further medical records material to this case, the Government will continue to fulfill its obligations under *Brady, Giglio,* Rule 16, and the Jencks Act.

> **12.d.** Inventory reports and/or lists from the ATF as to all physical evidence collected in the investigation of this case and maintained as potential physical evidence to be used in this case.

**Answer:** The Government has conferred with defense counsel and is working to accommodate their request. Specifically, the Government intends to produce an evidentiary inventory list to aid defendants in their preparation for trial.

> **12.e.** All *Brady/Giglio* materials not yet disclosed in discovery relating to any and all lay witness(es)' receipt of benefits, request for benefits, and/or other consideration provided to such witness(es) in exchange for their cooperation or continued cooperation with the government in this matter to include the following:

**Answer:** The Government is aware of its obligations under *Giglio,* is diligently gathering this discovery, and will fulfill its obligations under *Giglio* prior to trial.[5]

---

[5] This request includes ten sub-categories of documents under the heading of *Brady/Giglio*. The Government disputes that any of the requests involve *Brady* material. As explained, the Government is not currently in possession, custody or control of any materials discoverable under *Brady*. Subcategories iv-x request potential *Giglio* materials. As explained, all *Giglio* materials will be disclosed to defense prior to trial.

      i. Documentation of and/or access to any physical evidence collected from J.O. at the time that J.O. was arrested by the Denver Police Department on July 12-13, 2019, as well as any analysis done on that evidence or the items collected from Mr. O by law enforcement;

**Answer:** The Government will request this information from the Denver Police Department and produce any documents it receives to the defendants.

      ii. Information relating to J.O.'s transfer while in custody from the Denver County Jail to the Jefferson County Jail in July of 2019 and the impetus for that transfer;

**Answer:** The Government will request any information responsive to this request from the Denver Sherriff Department and produce any discovery it receives to the defendants.

      iii. J.O.'s booking file from the Denver County Jail;

**Answer:** The Government will request any information responsive to this request from the Denver Sherriff Department and produce any discovery it receives to the defendants.

      Requests iv-x.

**Answer:** The Government is aware of its obligations under *Giglio,* is diligently gathering this discovery, and will fulfill its obligations under *Giglio* prior to trial.[6]

      Dated this 1st day of August, 2022.

      COLE FINEGAN
      United States Attorney

      By: *s/ Brian Dunn*

---

[6] This request includes ten sub-categories of documents under the heading of *Brady/Giglio*. The Government disputes that any of the requests involve *Brady* material. As explained, the Government is not currently aware of any *Brady* material in its possession, custody or control. Subcategories 12.e.iv-x request potential *Giglio* materials. *Giglio* materials in the Government's possession, custody or control will be disclosed to defense prior to trial.

Brian Dunn
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0200
Fax:  303-454-0406
E-mail:  Brian.Dunn@usdoj.gov
Attorney for Government

11

## CERTIFICATE OF SERVICE

       I hereby certify that August 1, 2022, I electronically this response with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties on record.

                                   *s/Brian Dunn*
                                   BRIAN DUNN
                                   Assistant United States Attorney